```
                          United States Bankruptcy Court
                          Middle District of Pennsylvania
In re:                                                              Case No. 18-04321-JJT
Stephanie Kay Krupin                                                Chapter 13
        Debtor
                              CERTIFICATE OF NOTICE
District/off: 0314-5         User: REshelman            Page 1 of 2           Date Rcvd: Dec 18, 2018
                             Form ID: pdf002            Total Noticed: 33
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 20, 2018.
```
db            +Stephanie Kay Krupin,    3545 High Crest Rd.,    Canadensis, PA 18325-7722
cr            +Hamlet Property Owners Association,    P.O. Box 866,    Moscow, PA 18444-0866
5118421       +1st National Bank Of Omaha,    Po Box 3412,    omaha NE 68103-0412
5135590       +Absolute Resolutions Investments, LLC,    c/o Absolute Resolutions Corporation,
                8000 Norman Center Drive, Suite 350,    Bloomington, MN 55437-1118
5118422       +Akron Billing Center,    3585 Ridge Park Drive,    Akron OH 44333-8203
5134023       +BSI Financial Services,    1425 Greenway Drive, #400,    Irving, TX 75038-2480
5139460       +Chase Bank USA, N.A.,    c/o Robertson, Anschutz & Schneid, P.L.,
                6409 Congress Avenue, Suite 100,    Boca Raton, FL 33487-2853
5118427       +Chase Card,   Po Box 15298,    Wilmington DE 19850-5298
5118428       +Citi Cards/citibank,    Po Box 6241,    Sioux Falls SD 57117-6241
5118429       +Citizens Auto Finance,    480 Jefferson Blvd,    Warwick RI 02886-1359
5118430        County Of Monroe Twp Of Price,    Po Box 141188,    Janice A Cabral Tax Collector,
                E Stroudsburg PA 18301
5118431       +E Stroud Sd/ Price Twp Sd Tax,    1 Quaker Plaza,    Room 102,    Stroudsburg PA 18360-2141
5136457        Emergency Physician Associate of PA, PC,    PO Box 1123,    Minneapolis, MN 55440-1123
5118432       +Exxnmobil/cbna,    Po Box 6497,    Sioux Falls SD 57117-6497
5118433       +Fsb Blaze,   Po Box 5096,    Sioux Falls SD 57117-5096
5118434       +Hamlet Property Owners Assoc,    Po Box 687,    C/o Preferred Management,    Moscow PA 18444-0687
5118435       +Suburban Ems Inc.,   Po Box 3339,    Palmer PA 18043-3339
5118436       +Sunrise Credit Services,    234 Airport Plaza Blvd,    Ste 4,    Farmingdale NY 11735-3938
5118437       +Syncb/mrvl,   Po Box 965022,    Orlando FL 32896-5022
5118439       +Thd/cbna,   Po Box 6497,    Sioux Falls SD 57117-6497
5118442       +Unique Management Services,    Eastern Monroe Public Library,    1002 N. Nineth St,
                Stroudsburg, PA 18360-1210
5118440       +Vfs Xanthos, Llc,    18451 N. Dallas Parkway,    Ste 100,    Dallas TX 75287-5209
5138308        Wells Fargo Bank, N.A.,    Wells Fargo Card Services,    PO Box 10438, MAC F8235-02F,
                Des Moines, IA 50306-0438
5118441       +Wf Crd Svc,   Po Box 14517,    Des Moines IA 50306-3517
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
5140779       +E-mail/Text: g20956@att.com Dec 18 2018 19:27:23     AT&T Mobility II LLC,
                %AT&T SERVICES INC.,    KAREN A. CAVAGNARO PARALEGAL,    ONE AT&T WAY, SUITE 3A104,
                BEDMINSTER, NJ. 07921-2693
5118423       +E-mail/Text: banko@acsnv.com Dec 18 2018 19:27:19     Allied Collection Svcs,
                3080 S. Durango Drive,    Las Vegas NV 89117-9193
5118424       +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Dec 18 2018 19:34:55      Capital One,
                Po Box 30285,    salt Lake City UT 84130-0285
5121835        E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Dec 18 2018 19:36:08
                Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC 28272-1083
5138203        E-mail/PDF: resurgentbknotifications@resurgent.com Dec 18 2018 19:35:06      LVNV Funding, LLC,
                Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
5123198       +E-mail/Text: MKnitter@monroecountypa.gov Dec 18 2018 19:27:12
                Monroe County Tax Claim Bureau,    1 Quaker Plaza, Room 104,    Stroudsburg, PA 18360-2141
5140376        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 18 2018 19:36:11
                Portfolio Recovery Associates, LLC,    POB 12914,    Norfolk VA 23541
5140590        E-mail/Text: appebnmailbox@sprint.com Dec 18 2018 19:27:00     Sprint Corp,
                Attention Bankruptcy,    PO Box 7949,    Overland Park, KS 66207-0949
5118438       +E-mail/PDF: gecsedi@recoverycorp.com Dec 18 2018 19:34:53     Synchrony Bank/walmart,
                Po Box 965024,    Orlando FL 32896-5024
                                                                                              TOTAL: 9

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5118426*      +Capital One,   Po Box 30285,    Salt Lake City UT 84130-0285
5118425*      +Capital One,   Po Box 30285,    Salt Lake City UT 84130-0285
                                                                                    TOTALS: 0, * 2, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 20, 2018                              Signature:  /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 18, 2018 at the address(es) listed below:

```
          Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
          James   Warmbrodt    on behalf of Creditor    RESIDENTIAL CREDIT OPPORTUNITIES TRUST II
           bkgroup@kmllawgroup.com
          John J. Martin    on behalf of Creditor    Hamlet Property Owners Association
           jmartin@martin-law.net,
           kmartin@martin-law.net;nmundy@martin-law.net;jjmartin@martin-law.net;jashley@martin-law.net;r5989
           1@notify.bestcase.com
          Monroe County Tax Claim Bureau    MKnitter@monroecountypa.gov,  DPugh@monroecountypa.gov
          United States Trustee     ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 5
```

Rev. 12/01/17

## LOCAL BANKRUPTCY FORM 3015-1

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

STEPHANIE K. KRUPIN

CHAPTER 13

CASE NO. 5-18-04321

✓ ORIGINAL PLAN
\_\_ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)
\_\_ Number of Motions to Avoid Liens
\_\_ Number of Motions to Value Collateral

FILED
WILKES-BARRE, PA
2018 OCT 24 PM 2:03
CLERK U.S. BANKRUPTCY COURT

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☑ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

### 1. PLAN FUNDING AND LENGTH OF PLAN.

#### A. Plan Payments From Future Income

1. To date, the Debtor paid $0_____ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make

1

conduit payments through the Trustee as set forth below. The total base plan is $64884_____, plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  | Total Payments: |  |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: (✔) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

( ) Debtor is over median income. Debtor calculates that a minimum of $_____ must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $190,000_____. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

____ No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

✔ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $64884_____ from the sale of

2

property known and designated as 3545 High Crest Rd
Canadensis, PA 18325                    . All sales shall be completed by
August 1                    , 20 19 . If the property does not sell by the date
specified, then the disposition of the property shall be as follows:
_____.

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

## 2. SECURED CLAIMS.

### A. Pre-Confirmation Distributions. *Check one.*

✔ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

___ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

### B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor. *Check one.*

___ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

✔ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

3

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Visio | Primary Residence | |
| | | |
| | | |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

✔ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

___ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

✔ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

4

___ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

✔ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

___ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

5

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

F. <u>Surrender of Collateral</u>. *Check one.*

___ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

___ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |
|  |  |

G. <u>Lien Avoidance</u>. *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

✔ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

___ The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

6

| | | |
|---|---|---|
| The name of the holder of the lien. | | |
| A description of the lien. For a judicial lien, include court and docket number. | | |
| A description of the liened property. | | |
| The value of the liened property. | | |
| The sum of senior liens. | | |
| The value of any exemption claimed. | | |
| The amount of the lien. | | |
| The amount of lien avoided. | | |

3. **PRIORITY CLAIMS.**

    A. **Administrative Claims**

    1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

    2. <u>Attorney's fees</u>. Complete only one of the following options:

        a. In addition to the retainer of $0 _____ already paid by the Debtor, the amount of $0 _____ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

        b. $ _____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

    3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

        ✔ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

        ___ The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |
| | |

7

B. **Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** *Check one of the following two lines.*

    ✔    None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

    ___    Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |
|  |  |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

    ___    None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

    ___    The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

4. **UNSECURED CLAIMS**

    A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

        ✔    None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

        ___    To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other,

unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

    ✔ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

    ___ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

6. **VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*

    ___ plan confirmation.
    ___ entry of discharge.
    ___ closing of case.

9

7. **DISCHARGE: (Check one)**

   - (✓) The debtor will seek a discharge pursuant to § 1328(a).
   - ( ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

Rev. 12/01/17

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Debtor will sell primary residence within 10 months of filing date and will use proceeds to pay creditors.

Debtor residence was appraised at $290,000.00.

Debtor will make monthly payments of $100.00 until residence sells.

Dated: 10/21/18

Attorney for Debtor

*[signature]*
Debtor

Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

11